UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>   v.<br><br>LOUIS LEE ZACHERLE,<br><br>                         Defendant. | CASE NO: 2:24-CR-0044-TOR<br><br>ORDER ON PRETRIAL MOTIONS |

      BEFORE THE COURT are Defendant's Motion to Exclude Expert (ECF No. 25), Motion to Bifurcate (ECF No. 26), Motion to Dismiss Count 1 (ECF No. 27), and the United States' Motion in Limine (ECF No. 28). A Pretrial Conference was held on July 31, 2024. AUSAs Michael Vander Giessen and Timothy Ohms appeared on behalf of the United States. Justin Lonergan and Adrien L. Fox from the Federal Defenders of Eastern Washington and Idaho appeared on behalf of Defendant. Having reviewed the docket and the files therein, heard from counsel,

ORDER ON PRETRIAL MOTIONS ~ 1

the Court is fully informed. This Order supplements the oral rulings made at the Pretrial Conference.

**1. Defendant's Motion to Exclude Expert (ECF No. 25)**

The United States has designated Ginger Johnson as an expert to discuss the dynamics of domestic or intimate partner violence. Ms. Johnson did not interview either the victim or Defendant. Ms. Johnson is categorized as a "blind witness", meaning she will talk about generalities about domestic or intimate partner violence. At this time, the Court does not find her testimony to be helpful or relevant to the charges before the Court. Accordingly, Defendant's motion to exclude her testimony is granted at this time. Depending on how the trial plays out, the Court may reconsider allowing her to testify.

Defendant also seeks to preclude the nurses and doctors from Mid-Valley Hospital from testifying as experts. The United States is only offering their testimony based on their capacities as percipient witnesses concerning their observations of the victim, their identification and diagnosis of the various injuries and any medical treatment. Accordingly, they are fact witnesses and their testimony is allowed.

**2. Defendant's Motion to Bifurcate (ECF No. 26)**

Defendant seeks to bifurcate the trial and not allow Defendant's prior convictions to be introduced unless and until the jury decides whether he

ORDER ON PRETRIAL MOTIONS ~ 2

committed the two alleged assaults contained in the Indictment. Defendant explains that his two prior convictions will prejudice the jury.

The Court agrees that introduction of his prior convictions will prejudice the jury in their deliberations as to whether the assaults occurred. Therefore, the Court will bifurcate that aspect of the case and only if the jury returns a guilty verdict as to the assault will the United States then be allowed to introduce the prior convictions and the jury will deliberate whether they are predicate offenses supporting the habitual offender status.

**3. Defendant's Motion to Dismiss Count 1 (ECF No. 27)**

The Defendant seeks to dismiss Count 1 charging Defendant with being a habitual offender in violation of 18 U.S.C. § 117. Having reviewed the paperwork supporting the allegation that Defendant meets the prerequisites as a habitual offender, the Court denies Defendant's motion to dismiss.

**4. United States' Motion in Limine (ECF No. 28)**

The United States raises five motions in limine. First, the United States seeks to exclude witnesses from the courtroom and instruct witnesses not to discuss their testimony until the trial is completed. Pursuant to Federal Rule of Evidence 615, this motion is granted. Counsel shall direct their witnesses not to talk about their testimony with anyone else until the trial is completed. All witnesses are excluded from the courtroom (except the United States' case agent).

Second, the United States seeks to introduce other acts of domestic violence against the victim in this case. Under Federal Rule of Evidence 404(b), the United States is allowed to introduce such evidence. However, the evidence must be relevant, recent, and similar. The Court will give the jury a limiting instruction concerning this evidence.

Third, the United States seeks to introduce that Defendant fled from the scene when the officers arrived. Evidence that Defendant fled from the scene is relevant and admissible evidence.

Fourth, the United States seeks to introduce court records of prior convictions and testimony concerning his conduct underlying those convictions. This evidence is allowed as it pertains to the "habitual offender" status in Count 1 and will be allowed to be introduced if the jury returns a guilty verdict on the assault charge.

Fifth, the United States seeks to introduce recorded hearsay statements of some of the witnesses. These recorded statements may be introduced to refresh the witness's memory and to question the witness as to what was said. No recorded statement may be introduced without the witness being present as Federal Rule of Evidence 807 requires that in a criminal case the Defendant has a right to confront the witness (Confrontation Clause).

ORDER ON PRETRIAL MOTIONS ~ 4

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED August 1, 2024.



THOMAS O. RICE
United States District Judge

ORDER ON PRETRIAL MOTIONS ~ 5